STATE ex rel. HERBERT E. JOHNSON and Another v. ABBIE E. BRYANT.[1]

July 20, 1906.

Nos. 14,865—(210).

**Adoption of Minor.**

> Proceedings in the matter of the adoption of a minor child are examined and *held* to justify the conclusion of the trial court that the natural mother and her present husband were entitled to the possession of, and parental rights over, that child.

Writ of habeas corpus issued from the district court for Hennepin county upon relation of Herbert E. Johnson and Jennie M. Johnson to obtain possession of Edith M. Johnson, formerly Edith M. Jones, a minor child, alleged in the petition to be unlawfully in the custody of defendant Abbie E. Bryant. From a judgment entered pursuant to the findings and order of Dickinson, J., awarding the custody of the child to relators, defendant appealed. Affirmed.

*Jay W. Crane,* for appellant.

*Jenkins & Jenkins,* for respondents.

JAGGARD, J.

This is an appeal in proceedings upon habeas corpus in accordance with section 4601 and section 4602, R. L. 1905. The difficulties it presents serve to illustrate the unfortunate character of these provisions as to practice upon such an appeal. The clerk of the district court returned copies of the petition, writ, and return, and the order appealed from. The papers are not printed. The complete record of what happened in the district court is not presented. The natural

[1]Reported in 108 N. W. 880.

99 M.—4

difficulties of the situation are aggravated by the confused practice which will be presently set forth.

The petition sets forth the following facts: Edith M. Johnson, six years of age, was restrained of her liberty and from the custody of the petitioners by Abbie E. Bryant, without legal authority of any kind. The infant was the child of Jennie M. Johnson by James Bryant, her former husband. Upon the death of James Bryant, its mother consented to its adoption by Loren B. Jones and Mary E. Jones, husband and wife. Subsequently Loren B. Jones deserted and abandoned his home, his wife and the child. Afterwards the said Jennie M. Johnson was married to Herbert E. Johnson. On March 20, 1906, upon their petition and after hearing, the district court of Hennepin county ordered, adjudged and decreed that said child be adopted by the petitioners. The respondent is the grandmother of the minor child, being the mother of its deceased father, James Bryant. The petition prayed the issuance of a writ of habeas corpus.

A writ was issued in accordance with the petition upon order of court. Thereupon the respondent, Abbie E. Bryant, duly made return, bringing the child into court, and set up that the minor was the child of Loren B. Jones by adoption, and that she was entitled to the possession and custody of the child through said Loren B. Jones, and prayed that the writ be quashed. This return was not traversed. The record transmitted to this court does not show, however, that, upon the hearing of the petition and writ and the return thereto, any objection was made to the failure to traverse, it must be regarded as having been waived. Upon the hearing the court found, as a matter of fact, among other things, that the petitioners herein legally adopted the child, and were entitled to its possession and custody, by virtue of a proceeding in the district court, heard and determined on May 4, 1906, upon the petition of Loren B. Jones, claiming the right to the custody of said child, and as a conclusion of law awarded the possession and custody of the minor child to the petitioners herein.

In addition to these statutory papers counsel for both parties stipulated that the appeal should be heard upon the return here and upon certain certified copies of judgment rolls and other papers in the proceedings in the district court. These stipulated papers were used by both counsel upon argument.

Upon this state of facts we are of the opinion that the questions were presented to us upon the merits. These papers show that Loren B. Jones and Mary E. Jones duly adopted the child. The first point of controversy arises in connection with the subsequent adoption of that child by Herbert E. Johnson and Jennie M. Johnson, petitioners in the writ of habeas corpus. The point of attack on that subsequent adoption was that no notice whatever was served upon or given to Loren B. Jones, the adopted father of the minor. On April 17, 1906, upon petition of Loren B. Jones, an order was granted by the district judge upon Herbert E. and Jennie M. Johnson to show cause why the decree of adoption of the child by them should not be vacated and set aside. In his notice of motion accompanying this petition, Loren B. Jones set forth that he appeared specially therein for an order of the court revoking, vacating, and setting aside the decree of adoption by the said Johnsons. The petition upon which this order to show cause and motion was based, in addition to setting forth the matter appropriate to a vacation of the order of adoption by the Johnsons, set forth also a number of allegations involving the merits of the controversy. For example, it contained this paragraph;

> That affiant [Loren B. Jones] believes that said Herbert E. Johnson, and Jennie M. Johnson, his wife, are not fit and proper persons to have the care of said child, and therefore objects to the adoption by them of the said child.

Considering this petition and motion of Loren B. Jones as a whole, we conclude that it amounted to more than a special appearance for the sole purpose of vacating the judgment. This conclusion is necessitated by the subsequent treatment of it by all parties to the controversy and by the trial court. The hearing on the order to show cause occurred on April 17. It was informal in accordance with current practice. No answer or its equivalent was filed by Loren B. Jones, or any one for him. The court thereupon ordered

> That said judgment and said decree of adoption (to wit, that whereby the Johnsons adopted the child), be, and the same is, hereby revoked, vacated, and set aside as to said Loren B. Jones.

The record is silent as to what then happened until the court made its order, dated May 11, 1906. The deficiencies in the record are help-

ed out somewhat by the return wherein the trial court finds as a matter of fact that the proceedings were had and issues were determined by it on May 4, 1906. This is confirmed by the statements of counsel in court on hearing of this appeal, that the case was continued from time to time by the trial court for final hearing.

On May 11, 1906, the court signed an order which was filed the next day; the construction of which determines this controversy. That paper is not clear nor entirely consistent. Its legal effect can be determined only by its consideration as a whole. It recites, inter alia, that the matter of the adoption of the child by the Johnsons came on to be heard on the petition of Loren B. Jones for an order to set aside and revoke the judgment and decree of adoption of the child by the Johnsons, made on March 20, 1906; that the court after the filing of that petition had made its order revoking that judgment and decree of March 20; that the petition of Jones claimed that he never abandoned the child; that all parties appeared in person and by their attorneys; and that testimony of witnesses was taken on behalf of each party. The court found as matters of fact the previous history of the case as it has been hereinbefore set forth and that

> On November 2, 1905, the said Loren B. Jones and Mary E. Jones, made full relinquishment of their right to said child in writing, and surrendered their rights, possession, and control of said child to one Abbie E. Bryant, the person in whose possession the child was at the commencement of these proceedings; the daughter of said Abbie E. Bryant, at the time of such relinquishment repaying to said Loren B. Jones the sum of $30 for the purpose of thereby reimbursing said Jones for the money he had paid out as expenses incurred by him in adopting said child on the 27th day of July, 1905, and a few days thereafter the said Jones left the city, and has since resided at Cleveland, Ohio, and thereupon fully abandoned said child and from that time ceased to have any care, control or management of said child and that such abandonment was and ever since September 10, 1905, has been, complete and intentional on the part of said Loren B. Jones.

Among other things, it also found that

> Even at the time of this hearing both Jones and his wife, through their attorney, in open court, declared their willingness to surrender any rights claimed by them to one Helm, thus showing a desire to keep the natural mother from having her child rather than an honest desire on their own part to retain her * * * that the findings of fact found by the court in said adoption proceedings of March 20, 1906, are by this court now found true * * * that said child was in the care of said Jones and wife for a period of only about six weeks * * * and that during this brief time, according to the sworn statement of Loren B. Jones, the said Mary E. Jones abused and beat the child * * * and neglected to care for said child. That if said child should now be given over to the care of said Jones and wife, that it would not receive proper care, and would be subject to abuse and neglect. That neither Loren B. Jones nor Mary E. Jones are fit or proper persons to have the care, custody or control of said child.

That the Johnsons are the proper persons. As conclusions of law, among other things, the court found that its order of April 17, vacating the decree of adoption by the Johnsons of March 20, 1906, as to Loren B. Jones, should be and now was revoked and set aside; that the decree of March 20 was in all things affirmed. It concluded that the Johnsons were entitled to the possession, control and management of the child, and that it should thereafter be known as "Edith M. Johnson."

It is obvious from the parts of the papers referred to that the legal effect of what occurred was this: Loren B. Jones, not having been served with any notice of the proceedings which resulted in the order of adoption of March 20 applied to the court for an order vacating that decree. The court granted this order, and then proceeded to and did hear and determine the merits of the controversy de novo. The testimony covered substantially all of the period of time from the adoption of the child by Jones and his wife through their mistreatment of it; and their relinquishment of it to Abbie E. Bryant down to the status of the parties at the time of the hearing. The record makes impossible

the contention of counsel for Jones that his appearance was merely special. The case was tried on its merits. In view of all the facts, despite any dialectical difficulty due to the fact that it was admitted that the possession of the child by Abbie E. Bryant was the possession of Jones, the finding of the trial court that Jones and his wife were not fit or proper persons to have the child, but that the natural mother and her husband were, is sufficient to justify its order awarding the child to the Johnsons. It is not material that the court vacated its order vacating its original order. Construed as a whole, its findings of fact and conclusions of law constituted an adjudication by the court of the merits of the controversy between Jones and his wife on the one side and Jennie M. Johnson and her husband on the other as to the proper disposition of the child. We have no record whatever of the testimony, and must without possible question accept the findings of the trial court.

Judgment is accordingly affirmed.